IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

ELIZABETH M. WHITE,

    Plaintiff,

vs.

GARY L. SCOTT and SHANNON
FOSTER, individually and in their
official capacities as Jailors for the
Wayne County Sheriff,

    Defendants.

CIVIL ACTION NO.: CV209-094

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Elizabeth White ("Plaintiff"), who was detained at the Wayne County Jail in Jesup, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983. Defendants Gary Scott and Shannon Fowler ("Defendants") filed a Motion for Summary Judgment, to which Plaintiff filed a Response. For the reasons which follow, Defendants' Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff contends that she was detained briefly at the Wayne County Jail and was placed in the Jail's library with two (2) other women. Plaintiff asserts that Defendant Scott allowed her to leave the library to use the restroom and watched Plaintiff walk to the end of the hallway. Plaintiff alleges that Plaintiff locked herself in the bathroom and

AO 72A
(Rev. 8/82)

was assaulted by the night laundry trustee, Carlos Arano-Guiterrez ("Arano-Guiterrez")[1]. Plaintiff avers that Defendants Scott and Foster are liable for this assault.

Defendants contend that they are entitled to summary judgment on all of Plaintiff's claims.[2]

## STANDARD OF REVIEW

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving part[ies are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

The moving parties bear the burden of establishing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the

---

[1] Arano-Guiterrez was named as a Defendant in the case; however, he was not served with the Complaint, and Plaintiff's claims against Arano-Guiterrez were dismissed without prejudice by Order dated June 4, 2010. (Doc. No. 17).

[2] Plaintiff concedes Defendants' entitlement to summary judgment on her Fourth Amendment, official capacity, state law, state constitution, and sheriff's bond claims; thus, it would be superfluous to address these contentions.

moving parties must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION TO AUTHORITY

**Plaintiff's Deliberate Indifference Claim**

Defendants aver that there is no evidence that they knew that Plaintiff faced an excessive risk to her health or safety. Defendants contend that there is no evidence that Arano-Guiterrez exhibited any dangerous propensity in the past or that Defendants knew of any threats or causes for concern prior to the incident in the bathroom. Defendants assert that Arano-Guiterrez was incarcerated for a non-violent offense. Defendants also assert that Arano-Guiterrez had been working as a trustee at the Jail for over a year without incident and was described as "polite", "obedient", and as a "model inmate". (Doc. No. 10-1, p. 7).

Plaintiff contends that, as a general principle, men and women are housed separately in penal institutions. Plaintiff also contends that, "[g]iven the dangerous atmosphere of prisons and jails, everyone recognizes that inmates need protection from other inmates." (Doc. No. 13-3, p. 6). According to Plaintiff, this is especially true when

3

male and female inmates come into contact with each other. Plaintiff contends that Defendants "recognized this obvious fact" when they placed the women detainees in the locked library at the Jail. Plaintiff asserts that Defendants knew that the female detainees faced excessive risks to their health and safety "if male inmates could roam unrestricted among female inmates." (Id. at p. 7). Plaintiff alleges that Defendants saw what happened when a group of male inmates were allowed to congregate at the library door and to move around unescorted, and, accordingly, "should have accounted for" Arano-Guiterrez when Plaintiff went to the bathroom. (Id.). Plaintiff also alleges that, irrespective of Arano-Guiterrez's history, "common sense dictates" that he "not have unsupervised contact with a female [detainee] at any time." (Id.). Plaintiff alleges that Defendants not only realized the substantial risk of serious harm to her, they failed to take reasonable measures to abate that substantial risk. Plaintiff also alleges that Defendant Foster did not see Arano-Guiterrez go into the bathroom, even though Defendant Foster was working directly in front of the room leading to the bathroom. Plaintiff further alleges that Defendants took no steps to ensure her safety, despite their knowledge of a substantial risk of serious harm.

"Claims involving the mistreatment of pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause instead of the Eighth Amendment's Cruel and Unusual Punishment Clause, which applies to such claims by convicted prisoners." Bozeman v. Orum, 422 F.3d 1265, 1271 (11th Cir. 2005) (internal citation and punctuation omitted). However, "decisional law involving prison inmates applies equally to cases involving pretrial detainees." Id. (internal punctuation omitted).

4

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety of prison inmates. "'To show a violation of her Eighth Amendment rights, [a p]laintiff must produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation.'" Smith v. Reg'l Dir. of Fla. Dep't of Corr., 368 F. App'x 9, 14 (11th Cir. 2010) (quoting Purcell ex rel. Estate of Morgan v. Toombs County, Ga., 400 F.3d 1313,1319 (11th Cir. 2005)). "To be deliberately indifferent a prison official must know of and disregard 'an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Id. (quoting Purcell, 400 F.3d at 1319-20). Whether a substantial risk of serious harm exists so that the Eighth Amendment might be violated involves a legal rule that takes form through its application to facts. For summary judgment purposes, all disputed facts are resolved in accord with the plaintiff's view of the facts. Purcell, 400 F.3d at 1320. However, "simple negligence is not actionable under § 1983, and a plaintiff must allege a conscious or callous indifference to a prisoner's rights." Smith, 368 F. App'x at 14.

Like any deliberate indifference claim, a plaintiff must satisfy both an objective and a subjective inquiry. Chandler v. Crosby, 379 F.3d 1278, 1289-90 (11th Cir. 2004). Under the objective component, a plaintiff must prove the condition she complains of is sufficiently serious to violate the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 8 (1992). As for the subjective component, "the prisoner must prove that the prison official acted with 'deliberate indifference.'" Miller v. King, 384 F.3d 1248, 1260-61

AO 72A
(Rev. 8/82)

(11th Cir. 2004) (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). To prove deliberate indifference, the prisoner must show that prison officials "'acted with a sufficiently culpable state of mind'" with regard to the serious prison condition at issue. Id. (quoting Chandler, 379 F.3d at 1289-90).

Defendants submitted Affidavits in support of their Motion. In their Affidavits, Defendants state that Plaintiff and two (2) other women were detained in the Jail library on the night in question because the other holding cells were "full with disorderly, obnoxious and drunk detainees from [whom they were] trying to protect [P]laintiff and the other women." (Doc. No. 10-3, p. 3, ¶ 8; Doc. No. 10-4, p. 3, ¶ 7). Defendants declare that Plaintiff left the library to go to the restroom. Defendant Scott states that he allowed Plaintiff to leave the library and watched her walk to the end of the hallway, where Defendant Foster was. Defendant Foster states that she watched Plaintiff as she turned the corner and went to the bathroom, which was a short distance away from her. Defendants aver that Plaintiff was in the bathroom for a short period of time, which was the only time she was out of either Defendants' direct supervision. Defendants also aver that Plaintiff reported that Arano-Guiterrez, the night laundry inmate, attacked her while she was in the bathroom. Both Defendants declare that they never saw Arano-Guiterrez show any signs of violence or aggression and that he had worked as a trustee in various capacities for over a year before this incident. Defendants also declare that Arano-Guiterrez was polite, in compliance with the rules, and a model inmate. (Id. at ¶¶ 12-13; Doc. No. 10-3, p. 4, ¶¶ 16-17). Defendants state that Arano-Guiterrez was not allowed unrestricted access to all parts of the Jail and was not allowed to roam freely.

6

Defendants also state that Arano-Guiterrez should not have gone into the restroom where this incident occurred, but they did not know he went into the bathroom.

When asked about this incident during her deposition, Plaintiff stated that she did not see Arano-Guiterrez before she went into the bathroom at the Jail, and it was not until after she locked the door that she saw him. Plaintiff agreed that it was her belief that Arano-Guiterrez was hiding in the shower at the back of the bathroom. (Doc. No. 11, p. 38). Plaintiff stated that she mouthed to Defendant Foster, as Plaintiff walked by her, that there was a man in the bathroom, but it was not until she got back into the library that she told Defendant Scott what happened. (Id. at pp. 40-41). Plaintiff stated that she brought suit against Defendants Scott and Foster because they allowed her and the other two (2) females who were detained in the Jail's library to be in the same area as the male trustees. (Id. at p. 51). Plaintiff asserts in her Statement of Material Facts that Arano-Guiterrez told her he had been in jail for three (3) years, which indicated to her that he was sexually frustrated, and that Defendants Foster and Scott "knew or should have known that a male inmate with his length of time should not be left alone with female inmates." (Doc. No. 13-1, p. 5, ¶ 18).

The evidence, viewed in the light most favorable to Plaintiff, fails to reveal the existence of a genuine issue of material fact. There is no evidence that Defendants knew that Arano-Guiterrez was in the bathroom at the time Plaintiff entered, that he had a violent streak, that he was sexually frustrated, or that he otherwise posed a threat to Plaintiff's or any other person's safety, and that Defendants were deliberately indifferent to any known risk. At best, Plaintiff's allegations arguably reveal that Defendants acted negligently in allowing her to go into the bathroom unattended or in otherwise permitting

AO 72A
(Rev. 8/82)

male inmates in the same areas of the Jail as female detainees; however, this is insufficient to sustain a cause of action pursuant to § 1983. <u>Smith</u>, 368 F. App'x at 14. Defendants' Motion for Summary Judgment should be granted.

It is unnecessary to address the remaining portions of Defendants' Motion.

## **CONCLUSION**

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion for Summary Judgment be **GRANTED** and that Plaintiff's Complaint be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 30th day of August, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)